### APPEAL OF MAX LEVY & CO.

Docket No. 3247.    Submitted July 6, 1925.    Decided January 21, 1926.

Additional salary *held* to be reasonable and a proper deduction for the year 1920.

*Fred L. Van Dolsen, Esq.*, for the taxpayer.
*George G. Witter, Esq.*, for the Commissioner.

### Before GREEN and MORRIS.

This is an appeal from the determination of a deficiency of $4,012.80 in income and profits taxes for the calendar year 1920. The taxpayer alleges error on the part of the Commissioner in disallowing as a deduction the sum of $10,000 as additional salaries to officers.

## FINDINGS OF FACT.

1. The taxpayer is a close corporation, having its principal place of business in Chicago, Ill., and is engaged in the business of purchasing, collecting, assorting, selling, and shipping broken glass.

2. This business was organized and developed solely through the efforts of Maxwell Levy, who started it in 1895. He developed the business from the Atlantic seaboard to Texas, the greater portion of the business, however, being transacted in Chicago. The method of doing business was as follows: A glass factory would find that it had a surplus of some color of glass. It would sell this to the taxpayer, who would resell it to some other factory which was short of that particular color. It would be shipped in the name of the taxpayer to this second person, the bill of lading being made in the name of the taxpayer. In Chicago the glass was hauled to the taxpayer's plant by truck, where it was assorted as to color, all foreign substances removed, loaded into box cars and shipped to the factories for remelting and manufacturing. Only that gathered in Chicago went into the Chicago plant. The term " cullet " is applied by the company to the commodity. This name was copyrighted in 1913 and is the taxpayer's trade-mark.

3. In 1917 Levy organized the present taxpayer corporation with a capital stock of $75,000, divided into 750 shares of a par value of $100 each. Of the capital stock he owned 749 shares and his wife owned one share. The wife was secretary but took no active part, except to sign necessary legal papers. Levy was president, treasurer, and general manager, performed all the official duties relating to the corporation and had sole charge of the business. He was in complete charge of all its finances and gave all his time and attention to the business.

4. In its original income-tax return the taxpayer deducted $15,000 as salaries to officers. The Commissioner allowed but $3,600, the same as in prior years. At the hearing it developed that a portion of the $15,000 was intended to include additional salary for the prior year and that it was intended to claim $10,000 additional for 1920, making a total of $13,600 for salaries for that year. The taxpayer did not hold any regular directors' or stockholders' meetings, nor were there any official records of corporation proceedings. During 1920 and prior years, Levy withdrew from the corporation for living expenses amounts considerably in excess of the regular salary allowed him. In the year 1920 he drew out approximately $10,500 for such expenses. In December, 1920, he directed the bookkeeper to enter an additional salary allowance of $10,000 for the year 1920. An entry of $10,000 was made as of December 31, 1920.

The taxpayer's gross purchases in 1920 amounted to $60,570.42 and its gross sales to $108,825.53. The net earnings of the taxpayer, after deducting the additional salaries as expenses, exceeded 16 per cent of the invested capital.

5. The taxpayer's books were kept on the accrual basis.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on 10 days' notice, in accordance with Rule 50.

### OPINION.

MORRIS: The sole question in this appeal is whether the $10,000 additional salary should be deducted as an expense of the taxpayer for the year 1920. To be a proper deduction the liability for the additional salary must have been incurred in the year 1920 and the amount must be reasonable. Section 234 of the Revenue Act of 1918 provides as follows:

Sec. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered. * * *

In this appeal there was some question as to when the liability was incurred. This was a one-man corporation with very incomplete records. The entries on the books of the taxpayer as of December 31, 1920, are ambiguous and there might possibly be a question whether, according to bookkeeping methods, a proper charge was made for the additional salary. There was some confusion as to whether this was a charge for salary or an adjustment of good will. However incomplete and ambiguous the entries in the books were, the testimony is clear that Levy, the president and manager, in December, 1920, directed his bookkeeper to make such an entry and that the bookkeeper did attempt to do so. Under the circumstances we must conclude that this was a corporate act.

As to the reasonableness of the amount, it appears that in prior years Levy regularly allowed himself as salary from $3,000 to $3,600, using the remainder of the profits as dividends. It also appears, however, that he was the moving spirit and sole factor in building up this profitable business and that, even by allowing the additional salaries, there would be a net earning of over 16 per cent. We feel

that Levy, in prior years, has been extremely modest in the amounts allowed himself as salaries and that, in view of the volume of the business, the net earnings and the performance of all the work by Levy, an additional $10,000 would not be unreasonable.