*424 OPINION.
MoRRis:
The sole question in this appeal is whether the $10,000 additional salary should be deducted as an expense of the taxpayer for the year 1920. To be a proper deduction the liability for the additional salary must have been incurred in the year 1920 and the amount must be reasonable. Section 234 of the Revenue Act of 1918 provides as follows:
Sec. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:
(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered. * * *
In this appeal there was some question as to when the liability was incurred. This was a one-man corporation with very incomplete records. The entries on the books of the taxpayer as of December 31, 1920, are ambiguous and there might possibly be a question whether, according to bookkeeping methods, a proper charge was made for the additional salary. There was some confusion as to whether this was a charge for salary or an adjustment of good will. However incomplete and ambiguous the entries in the books were, the testimony is clear that Levy, the president and manager, in December, 1920, directed his bookkeeper to make such an entry and that the bookkeeper did attempt to do so. Under the circumstances we must conclude that this was a corporate act.
As to the reasonableness of the amount, it appears that in prior years Levy regularly allowed himself as salary from $3,000 to $3,600, using the remainder of the profits as dividends. It also appears, however, that he was the moving spirit and sole factor in building up this profitable business and that, even by allowing the additional salaries, there would be a net earning of over 16 per cent. We feel *425 that Levy, in prior years, has been extremely modest in the amounts allowed himself as salaries and that, in view of the volume of the business, the net earnings and the performance of all the work by Levy, an additional $10,000 would not be unreasonable.